## Case No. 4,745.

### FERRARA et al. v. The TALENT.

[Crabbe, 216.] [2]

District Court, E. D. Pennsylvania. May 22, 1838.

Mr. Grinnell, for libellants.
Mr. Gillou, for respondent.

HOPKINSON, District Judge. The libel of complaint in this case is founded on the act of congress of the United States, passed on the 20th July, 1790, which ordains that every ship or vessel belonging to a citizen of the United States, bound on a voyage across the Atlantic ocean, shall, at the time of leaving the last port from which she sails, have on board, well secured under deck, at least sixty gallons of water, one hundred pounds of salted flesh meat, and one hundred pounds of wholesome ship bread, for every person on board such ship or vessel, besides such other provisions, stores, and live stock, as shall, by the master or passengers, be put on board. The act then enacts that in case the crew of any ship or vessel, which shall not have been so provided, shall be put on short allowance, in water, flesh, or bread, during the voyage, the master or owner of such ship or vessel shall pay, to each of the crew, one day's wages, beyond the wages agreed on, for every day they shall be so put on short allowance. It is clear by this law that the claim for additional wages is not founded on the mere fact or circumstance that the crew were put on short allowance, but on the neglect or omission of the master to take on board of his vessel the quantity and species of provisions required by the act of congress. If the crew have been put on short allowance, and the ship had not the requisite provisions on board, then the penalty ordained by the act accrues, and may be recovered by the seamen. The two circumstances must concur; that is, a deficiency in the quantity or quality of provisions directed by the law, and a short allowance, in order to entitle the crew to the remedy provided by this act of congress.

What is the evidence in this case? To support the complaint of the libel, two witnesses were examined—Nicolo Fiera and Francisco Ferrara. They speak of their hav-

---

[1] [Reprinted from 2 N. B. R. 353 (Quarto, 114), by permission. 2 Am. Law T. Rep. Bankr. 53, contains only a partial report.]

[2] [Reported by William H. Crabbe, Esq.]

ing been put on short allowance fifteen days after they left Messina, but neither of them has a knowledge of the provisions really put on board, and that is the primary fact to be established. On the other side, three witnesses, exclusive of the answer and deposition of the captain, swear positively, and with accurate knowledge, to the quantity of beef, pork, and bread, taken on board at Messina; and, if they are to be believed, the quantity was much greater than that required by the law. They also assert that the crew were not put on short allowance until the vessel had been sixty-five days out from Messina. It must be observed that the passage in this case was of one hundred and four days, whereas an ordinary voyage is performed, on an average, in about fifty days. There seems then to have been a good reason for being careful and economical in the consumption of the provisions.

The witnesses examined in support of the libel were also joined in it as parties. I have received their evidence, as the counsel for the respondent did not object to it; but it must not be understood that I have decided witnesses in that situation to be competent to prove the allegations of the libel, as a decree in favor of the libellants must, necessarily, be a decree for all of them. Libel dismissed.